William Rigler, J.
On September 26, 1976, respondent, a 14-year-old female, was arrested pursuant to a warrant issued in August of 1976 by the County Court of St. Lucie County, Florida. On September 27, 1976, respondent was brought before this court. That same day her mother appeared and requested that she be able to take the child home. The mother was mistakenly advised that she would have to file a PINS petition in order to obtain the release of her child to her. A petition was filed on September 27, 1976, alleging, inter alia, that respondent had failed to attend school since November, 1975, that she had left her mother’s home in November of 1975, and that her whereabouts had been unknown to her mother until September 13, 1976. When the parties appeared before this court, the mother withdrew the PINS petition. There remains for determination a question as to what effect is to be given by this court to the Florida warrant.
There are two possible sources from which this court could predicate a basis for giving effect to the Florida warrant. One source is the Interstate Compact on Juveniles. The other is extradition procedure, if the warrant is treated as having been issued in a Florida criminal proceeding. This court finds that neither alternative, as applied to the present facts, forms a basis for giving effect to the Florida warrant.
The warrant was issued by a Florida County Court Judge based on the presumption that the respondent was 20 years old. Upon her arrest she had given her birth date as June 11, 1956. As a 20 year old, respondent would be subject to an adult criminal proceeding. However, respondent’s subsequent apprehension in New York State was not in compliance with the procedure for arresting a person charged with a felony in another State under CPL article 570. Under the extradition *901 procedure, the Florida warrant alone could not be used to arrest the respondent. A warrant issued for the respondent by the Governor of New York after application by the Governor of Florida would be necessary for a proper arrest in New York.
There is also a question as to whether the County Court in St. Lucie County, Florida, had proper jurisdiction over respondent’s case to issue a warrant for the respondent. Inasmuch as the respondent was 14 years old at the time of the arrest, the County Court could not have jurisdiction as a criminal proceeding without a waiver from the Circuit Court after a juvenile hearing in the Circuit Court. The Florida Circuit Courts have exclusive original jurisdiction in juvenile delinquency proceedings. (Florida Statutes Ann, § 39.02.)
The States of New York and Florida are both parties to the Interstate Compact on Juveniles. The first article to the compact states four purposes for the adoption of this compact. "(1) cooperative supervision of delinquent juveniles on probation or parole; (2) the return from one state to another, of delinquent juveniles who have escaped or absconded; (3) the return from one state to another, of non-delinquent juveniles who have run away from home; and (4) additional measures for the protection of juveniles and of the public, which any two or more of the party states may find desirable to undertake cooperatively.” (L 1955, ch 155.)
In subsequent articles, the compact provides procedures for States to effect the return of nondelinquent juveniles who have run away from their home State and adjudicated juvenile delinquents who have escaped from institutional custody or absconded while on probation or parole and are located in another State. The compact, as adopted in New York contains no remedy for a party State seeking the return from New York of a juvenile charged with being a delinquent in the requesting State but not yet adjudicated as a delinquent. Florida has adopted an amendment to the compact (Florida Statutes Ann, § 39.26, art XVII) which would provide this remedy, but the amendment has not been adopted in New York and therefore would not be applicable to any juvenile matter between New York and Florida.
In the present case the respondent was neither convicted of a criminal charge nor adjudicated a delinquent juvenile in Florida. She has returned to her home State. The Interstate Compact on Juveniles does not apply to the facts of the *902 present case and, therefore, does not give this court a basis to enforce the Florida warrant.
The conclusion that the Interstate Compact on Juveniles does not apply to the present case highlights a jurisdictional gap in New York State’s version of the compact that Florida and other States attempted to correct in their adoption of article XVII of the compact. In not extending the compact to include juveniles charged with but not adjudicated as delinquents, New York is in effect allowing itself to be used as a sanctuary by New York juveniles, charged with delinquency in another State, who have managed to return to New York before the other State has had an opportunity to hear the case. The only remedy for another State would be to forcibly detain within their State every New York juvenile charged with delinquency until a final disposition is made by the juvenile court in that State.
New York could adopt article XVII to cover this jurisdictional gap, but as it is now written, article XVII does not offer the home State juvenile court any discretion as to whether it would be in the best interests of the juvenile arid the States involved to return the juvenile to the requesting State. The right of the home State juvenile court to exercise its discretion should be an essential element in any preadjudicatory juvenile extradition procedure. The home State juvenile court Judge should be able to consider all mitigating factors before allowing a juvenile to be sent out of State to face delinquency charges.
This court recognizes that any changes in the compact cannot be made in one State legislature but must be adopted among the party States to be given effect. However, the various State compact administrators should consider adding a discretionary feature to article XVII. Additionally, the New York State Legislature might consider the adoption of article XVII as written or as herein proposed.
Accordingly, the petition is hereby dismissed.